Filed 12/5/24  In re Parsa B. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re PARSA B., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | D083870 |
| Plaintiff and Respondent, | (Super. Ct. No. J242147) |
| v. | |
| PARSA B., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Robert J. Trentacosta, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

This appeal arises from a Welfare and Institutions Code section 602 juvenile delinquency proceeding.  The minor, Parsa B., appeals from an order of the juvenile court after a review hearing in which the court declined his request to reduce the baseline term of his commitment by 6 months, and instead reduced it by 35 days.  Parsa's appointed counsel has filed a brief

under the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436, 441–443 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738, 744 (*Anders*). Parsa was afforded the opportunity to file a supplemental brief but has not done so in the time allotted.  Having independently reviewed the entire record in accordance with *Wende* and *Anders* and having found no reasonably arguable issues for reversal on appeal, we affirm.

STATEMENT OF THE CASE AND FACTS

On May 30, 2019, Parsa admitted to one count of assault with a deadly weapon under Penal Code[1] section 245, subdivision (a)(1).  The charge stemmed from an incident in which Parsa threw a skateboard at another minor, striking him in the lower back.  The juvenile court adjudged Parsa a ward of the court, placed him at home with his parents, and ordered probation with a number of restrictions.

On September 3, 2019, Parsa admitted to several violations of his probation, including failing to participate in a psychological evaluation or substance abuse counseling, testing positive for alcohol, and violating curfew. On September 17, 2019, the juvenile court ordered Parsa committed to Urban Camp for a period not to exceed 85 days.

On January 10, 2020, Parsa admitted to one count of petty theft in violation of section 484.  The People alleged that Parsa stole two bottles of alcohol from a convenience store.  On January 27, 2020, the juvenile court placed Parsa under the supervision of a probation officer, with a GPS tracker. The court also ordered but stayed a commitment to Urban Camp for a period not to exceed 130 days.  In a trailing matter, on February 7, 2020, Parsa admitted to probation violations of testing positive for controlled substances

---

[1]      All further unspecified statutory references are to the Penal Code.

and violating curfew. On March 3, 2020, the court ordered Parsa committed to juvenile hall for a period of 8 days.

On June 5, 2020, Parsa admitted to one count of threatening a public officer in violation of section 71, a felony. The People alleged that Parsa threatened a police officer during a transport, after testing positive for controlled substances and leaving his treatment program without permission. The juvenile court ordered Parsa committed to Urban Camp for a period not to exceed 130 days. On August 14, 2020, the juvenile court ordered that Parsa be placed in a suitable licensed residential treatment facility (STRTP).

Parsa absconded from the STRTP after approximately one month. On October 22, 2020, Parsa admitted violating probation, and the juvenile court again placed him in an STRTP. Parsa once again absconded from the STRTP.

On December 18, 2020, Parsa admitted to one count of resisting an executive officer in violation of section 69, a felony. The juvenile court ordered Parsa committed to Urban Camp for a period not to exceed 250 days. Parsa was released on May 7, 2021, and placed back under the supervision of probation.

On September 28, 2021, Parsa admitted one count of threatening a public officer in violation of section 71. The People alleged that Parsa solicited someone to buy him a weapon, and when police contacted him, he had a concealed dagger and threatened to get violent with the officer. The juvenile court placed Parsa on home supervision with GPS tracking. The court also imposed but stayed a commitment to the HOPE (Healing Opportunities for Personal Empowerment) program, and specifically noted in the written order that it was giving Parsa one last opportunity before committing him to HOPE.

On February 7, 2022, Parsa admitted one count of burglary in violation of section 459, a felony, and one count of possession of a concealed firearm by a minor in violation of section 29610, also a felony. The juvenile court ordered Parsa committed to the HOPE Program for a period not to exceed 480 days.

On April 26, 2022, Parsa admitted to one count of vandalism, in violation of section 594, subdivisions (a), (b)(1), a felony. The juvenile court ordered a new term of commitment in the HOPE program, for a period not to exceed 480 days. On July 18, 2022, while still committed to the HOPE program, Parsa admitted to one count of assault in violation of section 245, subdivision (a)(4), a felony and a Welfare and Institutions Code section 707, subdivision (b) offense. At the September 14, 2022 dispositional hearing, the juvenile court again ordered Parsa committed to the HOPE Program for a period not to exceed 480 days.

On December 13, 2022, the juvenile court ordered Parsa released from custody early, on December 23, 2022. On January 12, 2023, Parsa admitted violating his probation. The People alleged that he assaulted a minor victim and had a BB gun in his possession upon his arrest. Although Parsa was over 18 at the time of the offense, the People declined to file charges in the adult case. At the January 24, 2023 dispositional hearing, the juvenile court ordered Parsa committed for a baseline term of confinement of 18 months to the Youth Development Academy (YDA), Secured Youth Treatment Facility (SYTF).

At the January 22, 2024 hearing from which Parsa appeals, he asked the court to reduce his term of confinement at YDA/SYTF by six months, pursuant to Welfare and Institutions Code section 875. The juvenile court denied the request and reduced the term by 35 days, at probation's

4

recommendation. Parsa completed his Secure Track commit and was released from custody on April 21, 2024.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error.

To assist the court in its review and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible issue that we considered in evaluating the potential merits of this appeal:  Did the juvenile court abuse its discretion by denying appellant's request to reduce his baseline confinement term by six months?

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Parsa B. on this appeal.

## DISPOSITION

The January 22, 2024 order of the juvenile court is affirmed.


KELETY, J.


WE CONCUR:


DATO, Acting P. J.


RUBIN, J.


5